```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    HOT SPRINGS DIVISION


TERRY D. TOLER, DONNA R. TOLER
MARKETPLACE DEVELOPMENT CORPORATION
and SUCCESS DYNAMICS, INC. d/b/a
ALL PRO CLASSICS                                       PLAINTIFFS


vs.                      Case No. 6:12-6032


PHH MORTGAGE CORPORATION, EXPERIAN
INFORMATION SOLUTIONS, INC. and
FEDERAL NATIONAL MORTGAGE ASSOCIATION                  DEFENDANTS
```

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Federal National Mortgage Association's ("Fannie Mae") Motion to Dismiss and PHH Mortgage Corporation's ("PHH") Motion for Partial Dismissal and Brief in Support.  (Docs. 83, 84).  Plaintiffs have responded (docs. 97-98), and Fannie Mae and PHH have filed a Reply.  (Doc. 100).  For the reasons set out below, Fannie Mae's Motion to Dismiss is GRANTED, and Fannie Mae is DISMISSED as a defendant.  PHH's Motion for Partial Dismissal is DENIED.

**I.   Background**

The Tolers filed their original complaint on January 31, 2012, in the Circuit Court of Garland County for violations of the Fair Credit Reporting Act "FCRA", 15 U.S.C. § 1681, *et seq*; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et*

*seq*; defamation and negligence. Defendants removed the action to this Court on March 1, 2012. Plaintiffs voluntarily dismissed their state law claims against PHH without prejudice (doc. 22). The Court granted PHH's motion to dismiss the RESPA claim and dismissed Plaintiffs' claims against Fannie Mae (doc. 36).

On April 30, 2013, with leave from the Court, the Tolers filed an amended complaint adding their corporations as Plaintiffs and claims against Fannie Mae for breach of contract and negligent supervision and against Fannie Mae and PHH for tortious interference with contractual relationships (doc. 72). Fannie Mae and PHH filed the instant motion to dismiss on May 24, 2013.

## II.  Standard of Review

Dismissal is proper if Plaintiffs' complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The factual allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.@ *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784 (8th Cir. 1979).

## III. Discussion

PHH moves to dismiss the Tolers' claim pursuant to the FCRA to the extent they seek any business damages, including prospective damages, as the FCRA protects consumer interests, not business interests.  Plaintiffs concede that the Plaintiff corporations, Marketplace Development Corporation and Success Dynamics, Inc. d/b/a All Pro Classics are not seeking any damages under the FCRA and that the Tolers are not claiming damages under the FCRA as "direct losses" to the corporations.  Accordingly, PHH's Motion is DENIED.  The Court will have the opportunity to consider any arguments regarding the appropriate measure of damages at the trial of this matter.

PHH also moves to dismiss the Tolers' FCRA claims for damages incurred before November or December 2011.  The Tolers claim this would be premature based upon the Tolers' allegations that they notified the credit reporting agencies prior to that time.  The Court finds PHH's motion to exclude damages prior to November or December 2011 is premature and should be DENIED.

Fannie Mae moves to dismiss Plaintiffs' state law claims for negligent supervision, breach of contract and tortious interence contending they are preempted by the FCRA.  Plaintiffs contend the Court already denied this argument on the grounds that Plaintiffs make no allegations that Fannie Mae ever furnished any

information and, therefore, an FCRA claim could not be asserted and would not preempt any state law claims.

The FCRA was enacted, in large part, to protect consumers by ensuring "fair and accurate credit reporting." 15 U.S.C. § 1681(a)(1). Section 1681 s-2 deals with the duties of companies that furnish information to credit reporting agencies. *Id.* § 1681s-2.

The FCRA's preemption provisions are as follows:

> No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply to [certain inapplicable state statutes.]

15 U.S.C. § 1681t(b)(1)(F).

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against...any person who furnishes information to a consumer reporting agency...except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).

The preemptions of the FCRA apply to furnishers of information. The case law cited by Fannie Mae concerns the application of preemption to credit providers and reporting agencies that have a duty, under the FRCA, to furnish fair and accurate information. Plaintiffs have not alleged in their Complaint that Fannie Mae provided information to anyone. For

this reason, Plaintiffs' state law claims against Fannie Mae are not preempted by the FCRA.

Alternatively, Fannie Mae moves to dismiss Plaintiffs' state law claims for failure to state claims upon which relief can be granted. The Court agrees and finds Plaintiffs' state law claims as to Fannie Mae should be dismissed.

Plaintiffs allege Fannie Mae is liable for its negligent supervision of PHH. Arkansas recognizes the tort of negligent supervision. *Medical Assur. Co., Inc. v. Castro*, 2009 Ark. 93 (2009). Under this theory of recovery, the employer's liability rests upon proof that it knew or, through the exercise of ordinary care, should have known that the employee's conduct would subject third parties to an unreasonable risk of harm. As with any other negligence claim, a plaintiff must show that the employer's negligent supervision or negligent retention of the employee was a proximate cause of the injury and that the harm to third parties was foreseeable. It is not necessary that the employer foresee the particular injury that occurred, but only that the employer reasonably foresee an appreciable risk of harm to others. <u>Saine v. Comcast Cablevision of Ark., Inc., 354 Ark. 492, 497(2003)</u>.

This Court previously dismissed Plaintiffs' claim of negligent supervision of PHH by Fannie Mae for failure to state a claim. The Court finds nothing in Plaintiffs' Amended Complaint

that changes this decision. Again, the Court remains concerned about the manner in which Fannie Mae's agents handled the Tolers' loan, however, Plaintiffs have failed to sufficiently plead a claim for negligent supervision. Accordingly, Plaintiffs' negligent supervision claim is dismissed and Fannie Mae's motion to dismiss is granted.

Fannie Mae contends the Tolers' breach of contract claim fails as Fannie Mae was not a party to the contract, a HAMP loan modification agreement between the Tolers and PHH and that the *Merrill* doctrine precludes any liability on behalf of Fannie Mae. The Tolers allege Fannie Mae is the owner of the note and mortgage after purchasing it from PHH on or about October 9, 2007. The Tolers further contend that Fannie Mae is bound to these contracts as PHH acted as Fannie Mae's agent when entering into the modification agreement and that the *Merrill* doctrine is not applicable.

Even assuming the Tolers sufficiently pled the agency relationship between Fannie Mae and PHH, the *Merrill* doctrine precludes a breach of contract claim against Fannie Mae. In *Merrill*, the Supreme Court made it clear that "anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Goverment stays within the bounds of his authority." *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 383 (1947).

The Tolers are correct in that dicta in more recent decisions indicates a possibility that a situation could exist where estoppel against the Government might be appropriate. However, the Supreme Court has reversed every finding of estoppel it has reviewed, many summarily. For this reason the Court finds the Tolers' claims for breach of contract and the Corporation Plaintiffs' claim for tortious interference with a contractual relationship against Fannie Mae fail and should be DISMISSED.

The Plaintiff Corporations allege a claim for tortious interference with a contractual relationship against PHH contending the Tolers advised PHH that its negative reporting of the Tolers' credit report was causing damages to the Corporations. The elements of a claim of tortious interference are (1) the existence of a valid contractual relationship or a business expectancy; (2) knowledge of the relationship or expectancy on the part of the interfering party; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Vowell v. Fairfield Bay Cmty. Club, Inc.*, 58 S.W.3d 324, 329 (2001). An additional requirement is that the interfering party's conduct be at least "improper." *Id*. The Court finds the Corporation Plaintiffs have sufficiently stated a claim against PHH for

tortious interference at this stage in the proceedings, and PHH's motion as to this claim is DENIED.

**IV. Conclusion**

For the foregoing reasons, Fannie Mae's Motion to Dismiss (doc. 83) is **GRANTED** and Plaintiffs' Complaint is dismissed as to Fannie Mae.  PHH's Motion (doc. 83) is **DENIED.**

IT IS SO ORDERED THIS 26th day of March, 2014.

                                    /s/ Robert T. Dawson
                                    Honorable Robert T. Dawson
                                    United States District Judge