IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TERRY D. TOLER, DONNA R. TOLER, MARKETPLACE DEVELOPMENT CORPORATION and SUCCESS DYNAMICS, INC. d/b/a ALL PRO CLASSICS — PLAINTIFFS

v. — CASE NO. 12-6032

PHH MORTGAGE CORPORATION and EXPERIAN INFORMATION SOLUTIONS, INC. — DEFENDANTS

**MEMORANDUM OPINION**

Before the Court are Plaintiffs' Motion for Partial Summary Judgment (docs. 144-46, 157-63, 192), Experian's Response (docs. 173-74, 176), PHH's Response (docs. 180-81), Plaintiffs' Reply (docs. 186-91), PHH Mortgage Corporation's ("PHH") Motion for Summary Judgment Regarding Success Dynamics, Inc. and Marketplace Development Corporation ("corporate Plaintiffs")(docs. 147-48), PHH's Reply (doc. 184), PHH's Motion for Partial Summary Judgment Regarding Terry and Donna Toler ("the Tolers")(docs. 149-51), PHH's Reply (doc. 185), Experian Information Solutions, Inc.'s ("Experian") Motion for Summary Judgment as to Corporate Plaintiffs and Business Damages (docs. 152-53), Experian's Reply (doc. 193), and Experian's Motion for Summary Judgment as to the Tolers and All Other Damages (docs. 154-56, 164). Also before the Court is Plaintiffs' combined response to all of Defendants' Motions (docs. 167-72, 175, 177-79).

## I. Background

Plaintiffs' Complaint was originally filed in the Circuit Court of Garland County, Arkansas, on January 31, 2012 by the Tolers against PHH, Experian and Federal National Mortgage Association ("Fannie Mae").[1] Defendants removed the action to this Court on March 1, 2012. (Doc. 1). An Amended Complaint (doc. 72) was filed on April 30, 2013, adding Plaintiffs' businesses, Success Dynamics, Inc. d/b/a All Pro Classics, and Marketplace Development Corporation as Plaintiffs and again naming Fannie Mae as a defendant.[2]

The Tolers allege claims against Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the corporate Plaintiffs allege claims against Defendants under Arkansas law for tortious interference with business expectancies.

The Tolers' FCRA claims stem from alleged inaccurate credit information reported by their mortgage company, PHH, to Experian, and Experian's furnishing of that information, specifically, that the Tolers were delinquent on their mortgage payments.

## II. Standard of Review

A motion for summary judgment will be granted when "there

---

[1] Fannie Mae was previously dismissed from this action. (Doc. 36)

[2] Fannie Mae was again dismissed from this action on March 26, 2014. (Doc. 105)



AO72A
(Rev. 8/82)

is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material" fact is one "that might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine" issue of material fact exists when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 248. In determining whether a genuine issue of material fact exists, the evidence is to be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The opposing party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial," and "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 256-57 (citing Fed. R. Civ. P. 56(e)). In order to withstand a motion for summary judgment, plaintiffs must substantiate their allegations with "sufficient



AO72A
(Rev. 8/82)

probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy." *Gregory v. Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992), *cert. denied*, 507 U.S. 913 (1993). A mere scintilla of evidence is insufficient to avoid summary judgment. *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

**III. Discussion**

In their Motion for Partial Summary Judgment, Separate Plaintiffs Terry and Donna Toler seek summary judgment on Defendants' liability under the FCRA. Having reviewed the pleadings and the evidence on file; viewing the evidence in the light most favorable to the non-moving party as required, the Court finds genuine issues of disputed material facts remain in connection with the Tolers' FCRA claims including, but not limited to, whether PHH and Experian failed to conduct reasonable investigations of the Tolers' disputes, and whether Experian failed to follow reasonable procedures to ensure the accuracy of the Tolers' credit information it reported, and, if so, what damages were proximately caused by Defendants' failures



AO72A
(Rev. 8/82)

to do so. Accordingly, the Tolers' motion (doc. 144) should be **DENIED**. Additionally, Experian's motion (doc. 154) as to the Tolers' FCRA claims is **DENIED** to the extent it seeks a judgment as a matter of law on the issue of liability pursuant to the FCRA.

PHH moves for summary judgment on the corporate Plaintiffs' tortious interference claims contending they are preempted by the FCRA and, alternatively, that the corporate Plaintiffs failed to establish a prima facie case of tortious interference (doc. 147). The FCRA was enacted, in large part, to protect consumers by ensuring "fair and accurate credit reporting." 15 U.S.C. § 1681(a)(1). The FCRA's preemption provisions are as follows:

> No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply to [certain inapplicable state statutes.]

15 U.S.C. § 1681t(b)(1)(F).

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against...any person who furnishes information to a consumer reporting agency...except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).



AO72A
(Rev. 8/82)

PHH contends the corporate Plaintiffs' tort claims are preempted and cites *Ilodianya v. Capital One Bank USA NA*, 853 F.Supp.2d 772 (E.D. Ark. 2012) and *Cathcart v. American Exp.*, 2012 WL 5258820 (E.D. Mo. October 23, 2012) for this proposition. The Court finds these cases inapposite to the instant case, as the state claims found to be preempted in those cases were brought by the consumer whose relief was governed by the FCRA. It has been Defendants' position throughout this litigation that the corporate Plaintiffs are not "consumers" under the FCRA and, therefore, are prohibited from bringing FCRA claims. While a consumer's tortious interference claim may well be preempted under the FCRA absent a showing of malice or willful intent to injure the consumer, it is unlikely that these provisions were intended to completely preempt any cause of action by a potential plaintiff. Accordingly, the Court finds that the preemption provisions of the FCRA do not apply to the corporate Plaintiffs. Thus, the corporate Plaintiffs' tortious interference claims are not preempted by the FCRA, and PHH's motion (doc. 147) is **DENIED** as to its preemption argument.

PHH's motion (doc. 147) also seeks summary judgment for the corporate Plaintiffs' failure to establish a prima facie case of tortious interference. The elements of tortious interference with a business expectancy are: (1) the existence of a valid contractual relationship or a business expectancy, (2) knowledge



AO72A
(Rev. 8/82)

of the relationship or expectancy on the part of the interfering party, (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Ballard Group, Inc. v. BP Lubricants USA, Inc.*, 436 S.W.3d 445 (Ark. 2014). In addition, the defendants' conduct must be "improper," and there must be some third party involved. *Id.* The expectancy that is obstructed must be precise, and it must be sufficiently concrete in order to qualify as a business expectancy and survive summary dismissal. *See Skalla v. Canepari*, 430 S.W. 3d 72 (Ark. 2013).

The corporate Plaintiffs contend they lost certain contracts and business expectancies with third parties due to the Tolers' inability to obtain personal credit to provide funding for the corporations. However, the contracts and expectancies are, at best, speculative. Further, aside from general statements by Mr. Toler about being unable to fund his corporations, the corporate Plaintiffs have not shown that Defendants were aware of such expectancies, much less acted improperly to interfere with them.

The Court finds that Defendants are entitled to summary judgment on the corporate Plaintiffs' tortious interference claims, in part, as the corporate Plaintiffs have not shown that their alleged business expectancies were sufficiently precise or



AO72A
(Rev. 8/82)

concrete. Accordingly, PHH's motion (doc. 147) is **GRANTED** as to the corporate Plaintiffs' tortious interference claims, and these claims are **DISMISSED WITH PREJUDICE.**

Experian moves for summary judgment on all claims for damages sustained by the corporate Plaintiffs or in connection with business transactions (doc. 152). Experian's motion is **DENIED AS MOOT** to the extent it requests the Court to find the corporate Plaintiffs lack standing to sue under the FCRA and that the Tolers lack standing to assert claims on behalf of the corporate Plaintiffs under the FCRA. The Tolers conceded these two issues, and the corporate Plaintiffs do not assert claims pursuant to the FCRA.

PHH and Experian also move for partial summary judgment against the Tolers' FCRA claims to the extent they seek business damages (docs. 149, 154). The FCRA defines a consumer as an "individual" and provides for actual damages sustained by the consumer. *See* 15 U.S.C. § 1681, *et seq*. The FCRA does not protect business entities or extend coverage to a consumer's business transactions. *Wisdom v. Wells Fargo Bank NA*, 2012 WL 170900 (D. Ariz. Jan. 20, 2012). Accordingly, PHH and Experian's motions (docs. 149, 154) are **GRANTED** to the extent that the Tolers are prohibited from seeking business damages as a matter of law.



AO72A
(Rev. 8/82)

This Court previously advised the parties in this case that arguments regarding the appropriate measure of damages would be considered at the trial of this matter (doc. 105), and there are now numerous motions in limine and motions to exclude evidence pending. The Court will consider these motions prior to trial.

PHH's motion (doc. 149) is **DENIED** to the extent it seeks the dismissal of Mr. Toler's FCRA claim. Experian admitted that Mr. Toler's dispute was incorrectly classified as a repeat dispute on a joint account, and there is no question that PHH and Experian were aware that both Mr. and Mrs. Toler were disputing the reported information, in particularly, Mr. Toler.

**IV. Conclusion**

For the forgoing reasons, the Tolers' motion (doc. 144) is **DENIED**. Experian's motion (doc. 152) is **DENIED** as to any FCRA standing issues, and **GRANTED** as to any business damages sought by the Tolers. Any speculative or impermissible damages sought by the Tolers remain the subject of pending motions in limine and will be considered prior to trial. Experian's motion (doc. 154) as to the Tolers' FCRA claims is **DENIED** to the extent it seeks summary judgment on the issue of liability and **DENIED** without prejudice to Experian's right to a ruling on the availability of punitive damages closer to trial. PHH's motion (doc. 147) is GRANTED IN PART and DENIED IN PART, and the corporate Plaintiffs' tortious interference claims are **DISMISSED**



AO72A
(Rev. 8/82)

**WITH PREJUDICE.** PHH's motion (doc. 149) is **DENIED** as to Mr. Toler's claim pursuant to the FCRA, and **GRANTED** as to any business damages sought by the Tolers. Any impermissible damages sought by the Tolers will be resolved prior to trial. A jury trial remains scheduled for November 17, 2014.

IT IS SO ORDERED this 5th day of November 2014.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge



AO72A
(Rev. 8/82)