```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF ARKANSAS
                    HOT SPRINGS DIVISION
```

TERRY and DONNA TOLER                                    PLAINTIFFS


        V.                      CIVIL NO. 12-6032


EXPERIAN INFORMATION SOLUTIONS, INC.                    DEFENDANT


                         **O R D E R**

    For reasons reflected in this order and on the record at the
hearing held in this case on November 17, 2014, it is hereby
ordered as follows:

    Plaintiffs' Motion in Limine (doc. 205) is GRANTED IN PART and
DENIED IN PART.  Plaintiffs' Motion is GRANTED with respect to any
reference being made to the filing of or ruling on a motion in
limine or this case being brought under a fee-shifting statute.
The remainder of Plaintiffs' Motion is DENIED without prejudice to
Plaintiffs' right to renew their objection during trial.

    Defendant's Motion in Limine (doc. 210) is GRANTED IN PART and
DENIED IN PART.  Defendant's motion is GRANTED as to business
damages and damages not specifically identified in Plaintiffs'
disclosures; however, Plaintiffs will be permitted to discuss these
damages as they relate to Plaintiffs' emotional distress and mental
anguish.  Defendant's motion is DENIED as to testimony regarding
Mr. Toler's emotional distress.  Defendant's motion is DENIED AS
MOOT as to PHH's accounting procedures.  The remainder of
Defendant's Motion is DENIED without prejudice to Defendant's right

to renew their objection at trial.

Defendant's Motion to Exclude Testimony of Dr. Robert E. "Jay" Marsh (doc. 211) is DENIED AS MOOT.

Defendant's Motion to Exclude Testimony of Evan Hendricks (doc. 213) is GRANTED IN PART and DENIED IN PART. The Court finds that Mr. Hendricks is qualified and shall be permitted to testify about the history and background of the credit reporting industry and the usual policies and procedures of credit reporting agencies. Mr. Hendricks will not be permitted to testify regarding any alleged damages specific to Plaintiffs; however, he may discuss whether mental anguish damages are authorized under the Fair Credit Reporting Act.

Plaintiff Terry Toler's Motion to Amend, Update and Clarify his Damages Calculations (doc. 221) is GRANTED to the extent that the Court previously ruled Mr. Toler has a claim for emotional distress damages.

IT IS SO ORDERED this 14th day of November, 2014.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge