```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF ARKANSAS
                       HOT SPRINGS DIVISION


TERRY D. TOLER and
DONNA R. TOLER                                         PLAINTIFFS


     V.                   CIVIL NO. 12-6032


EXPERIAN INFORMATION
SOLUTIONS, INC.                                         DEFENDANT
```

**MEMORANDUM OPINION & ORDER**

On this 26th day of January, 2015, there comes on for consideration Plaintiffs' Motion for New Trial and brief in support (docs. 267-68), Defendant's Response (doc. 281) and Plaintiffs' Reply (doc. 286). Also before the Court are Defendant's Motion to Amend the Judgment to Allow Taxable Costs and brief in support (docs. 269-70) and Plaintiff's Response and brief in support (docs. 279-80). For the reasons set forth within this memorandum, Plaintiffs' Motion for New Trial (doc. 267) and Defendant's Motion to Amend the Judgment (doc. 269) should be and hereby are DENIED.

Plaintiffs alleged Defendant violated the Fair Credit Reporting Act by failing to follow reasonable procedures to ensure the accuracy of certain information in their credit reports and failing to conduct a reasonable investigation and/or reinvestigation after Plaintiffs disputed the information. The case proceeded to jury trial on November 18, 2014, and continued

-1-

until November 21, 2014, resulting in a verdict for Defendant.

Plaintiffs' Motion is based upon their assertion that the Court refused to give certain jury instructions at trial concerning Defendant's duties of reinvestigation under the FCRA. Plaintiffs further contend that the jury failed to follow the Court's instructions on proximate cause as evidenced by a statement that the jury foreperson read into the record following the verdict.

A district court may grant a new trial when the first trial resulted in a miscarriage of justice, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial. *Trickey v. Kaman Indus. Techs. Corp.*, 705 F.3d 788, 807 (8th Cir. 2013) (citations omitted). With respect to legal errors, a "miscarriage of justice" does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error. *Id*. (citation omitted). Errors in evidentiary rulings are prejudicial only where the error likely affected the jury's verdict. *Id*. (citation omitted).

Plaintiffs assert that the Court erred in not providing a more detailed instruction of Defendant's duty to reinvestigate and asks the Court to conclude that the jury either could not or did not follow the instructions on proximate cause based upon the jury's statement that it felt Defendant could have done more for Plaintiffs but that any mental anguish suffered by Plaintiffs was

-2-

not solely due to Defendant.

There was a plethora of evidence and testimony from both Plaintiffs and Defendant during the trial regarding the procedures and investigative efforts, or lack thereof, used by Defendant in connection with Plaintiffs' dispute. Additionally, the instructions given by the Court were in large part standard instructions. Additionally, in defining the term "proximate cause," the Court instructed the jury that the Plaintiffs were required to show that inaccurate information contained within an Experian consumer report was a "substantial factor" in causing Plaintiffs' injury. This is exactly the language Plaintiffs desired.

A district court possesses broad discretion in instructing the jury, and jury instructions do not need to be technically perfect or even a model of clarity. *Zebley v. Heartland Indus. of Dawson, Inc.*, 625 F.3d 449, 455 (8th Cir. 2010) (quotation and citation omitted). "[R]eview is limited to whether the instructions, viewed on the whole, fairly and adequately represent the evidence and applicable law in light of the issues presented to the jury in a particular case." *Ford v. GACS, Inc.*, 265 F.3d 670, 679 (8th Cir. 2001) (quoting *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 594 (8th Cir. 2001)). A new trial is necessary only when the errors misled the jury or had a probable effect on a jury's verdict. *Slidell, Inc. v. Millennium Inorganic Chems., Inc.*, 460

-3-

F.3d 1047, 1054 (8th Cir. 2006). The Court adequately instructed the jury based on the evidence presented in this case. Further, Rule 606(b) of the Federal Rules of Evidence prohibits the type of speculation into the jury's decision-making and deliberations suggested by Plaintiffs. The Court concludes that the verdict does not amount to a miscarriage of justice, and ordering a new trial would be improper. Plaintiffs' motion (doc. 267) seeking a new trial is DENIED.

Defendant moves the Court to award Defendant $33,507.04 in taxable costs as the prevailing party pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. Rule 54(d)(1) provides, in pertinent part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.

A district court has substantial discretion in awarding costs to a prevailing party. *See Greaser v. Mo. Dep't of Corr.*, 145 F.3d 979, 985 (8th Cir. 1998). The Eighth Circuit takes a broad view of Rule 54(d), finding that its grant of discretion alone permits a court to deny costs without finding that a prevailing party was guilty of some misconduct or other action worthy of penalty. *Id.; see also Fields v. Shelter Mut. Ins. Co.*, 2007 WL 1702512 (E.D. Ark. June 11, 2007).

There is no dispute that there is a wide disparity of economic resources between the parties in this case. In situations "where

the antagonists are very unevenly matched in size, resources, and stability, it would be unfortunate to use the possible taxation of costs as a sword of Damocles . . . ." *See Pittari v. American Eagle Airlines*, 2007 WL 1757094 (W.D. Ark. June 19, 2007) (citing *Boas Box Co. v. Proper Folding Box Corp.*, 55 F.R.D. 79 (E.D.N.Y. 1971)). Accordingly, Defendant's Motion (doc. 269) is DENIED as to its request for costs pursuant to Rule 54(d)(1).

    IT IS SO ORDERED.

                                          <u>/s/ Robert T. Dawson</u>
                                          Honorable Robert T. Dawson
                                          United States District Judge

AO72A
(Rev. 8/82)